NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000860
28-JUN-2019
08:25 AM

NO. CAAP-16-0000860

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FIRST HAWAIIAN BANK,
Plaintiff-Appellee,
v.
MEL DANIEL HORNER,
Defendant-Appellant,
and
TALIA LYNN HORNER; ASSOCIATION OF APARTMENT OWNERS
OF 1340 and 1342 HOOLI CIRCLE, by its Board of Directors;
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2149)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Mel Daniel Horner (Horner) appeals
from the "Order Denying Defendant Mel Daniel Horner's Verified
Emergency Motion for Void Judgment Due to the Affidavit of
Gary Y. Kawamoto Filed July 18, 2016," filed on November 22, 2016
(Order Denying Emergency Motion) in the Circuit Court of the
First Circuit (circuit court).[1]

---

[1] The Honorable Bert I. Ayabe presided.

This appeal arises out of a judicial foreclosure action filed on September 19, 2011, (Complaint) by Plaintiff-Appellee First Hawaiian Bank (FHB) against Horner.[2] On April 6, 2015, the circuit court issued its "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale" in favor of FHB and entered a corresponding judgment (MSJ Judgment). On July 11, 2016, the circuit court issued its "Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property Filed November 30, 2015" and the corresponding judgment (Sale Judgment) and "Notice of Entry of Judgment." Horner did not file an appeal from either the MSJ Judgment or the Sale Judgment.

On July 18, 2016, Horner filed "Defendant[']s Verified Emergency Motion for Void Judgment Due to the Affidavit of Gary Y. Kawamoto" (Emergency Motion). On November 22, 2016, the circuit court issued its Order Denying Emergency Motion and Horner timely filed the present appeal.

In opposition to Horner's appeal, FHB filed a "Motion to Dismiss Appeal" on May 4, 2017, on the grounds that the Order Denying Emergency Motion was a "non-final order" and that "[a]s a general matter, an appellate court's jurisdiction is limited to a review of final judgments, orders and decrees. Wong v. Takeuchi, 83 Hawai[']i 94, 98, 924 P.2d 588, 592 (1996) (internal citation omitted)." On June 19, 2017, we denied FHB's motion to dismiss, concluding that the Order Denying Emergency Motion was a "post-judgment order," "[independently] appealable [] under [Hawaii Revised Statutes (]HRS[)] § 641-1(a) [(2016)] if the order ends the proceedings, leaving nothing further to be accomplished. Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003)

---

[2] Talia Lynn Horner and Association of Apartment Owners of 1340 and 1342 Hooli Circle, by its Board of Directors, Defendants-Appellees, were named in the Complaint but neither participated in the present appeal.

(citation omitted)."[3]   We held:

> Appellant Horner filed his December 13, 2016 notice of
> appeal within thirty days after entry of the November 22,
> 2016 post-judgment order denying Appellant Horner's post-
> judgment motion for post-judgment relief under [Hawaiʻi
> Rules of Civil Procedure (]HRCP[)] Rule 60(b) [(2006)], as
> Rule 4(a)(1) [(2016)] of the Hawaiʻi Rules of Appellate
> Procedure [(HRAP)] required.  Therefore, pursuant to HRS §
> 641-1(a), we have appellate jurisdiction in appellate court
> case number CAAP-16-0000860 to review Appellant Horner's
> appeal from the November 22, 2016 post-judgment order
> denying Appellant Horner's post-judgment motion for post-
> judgment relief under HRCP Rule 60(b).[4] [5]

Now, on appeal, we construe that Horner raises the
following two points of error: (1) the circuit court abused its

---

[3] HRS § 641-1(a) provides that "[a]ppeals shall be allowed in civil
matters from all final judgments, orders, or decrees of circuit and district
courts and the land court to the intermediate appellate court, subject to
chapter 602."

[4] HRCP Rule 60(b) states:

> **(b) Mistakes; inadvertence; excusable neglect; newly
> discovered evidence; fraud, etc.** On motion and upon such
> terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have
> been discovered in time to move for a new trial under Rule
> 59(b); (3) fraud (whether heretofore denominated intrinsic
> or extrinsic), misrepresentation, or other misconduct of an
> adverse party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any
> other reason justifying relief from the operation of the
> judgment.  The motion shall be made within a reasonable
> time, and for reasons (1), (2), and (3) not more than one
> year after the judgment, order, or proceeding was entered or
> taken.  A motion under this subdivision (b) does not affect
> the finality of a judgment or suspend its operation.  This
> rule does not limit the power of a court to entertain an
> independent action to relieve a party from a judgment,
> order, or proceeding, or to set aside a judgment for fraud
> upon the court.  Writs of coram nobis, coram vobis, audita
> querela, and bills of review and bills in the nature of a
> bill of review, are abolished, and the procedure for
> obtaining any relief from a judgment shall be by motion as
> prescribed in these rules or by an independent action.

[5] HRAP Rule 4(a) states in relevant part:

> **(a) Appeals in civil cases.**
>
> (1) TIME FOR FILING. When a civil appeal is
> permitted by law, the notice of appeal shall be filed within
> 30 days after entry of the judgment or appealable order.

discretion when it found that there was no genuine issue of material fact and granted FHB's motion for summary judgment, despite numerous asserted issues with the affidavit FHB submitted in support of its motion for summary judgment; and (2) FHB violated the Fair Debt Collection Practices Act (FDCPA).[6] [7]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve Horner's appeal as follows.

We have concluded that Horner's Emergency Motion constituted an HRCP Rule 60(b) post-judgment motion seeking relief from the MSJ Judgment. In general, when reviewing an appeal of an HRCP Rule 60(b) motion,

> [i]t is well-settled that the trial court has a very large measure of discretion in passing upon motions under Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

Paxton v. State, 2 Haw. App. 46, 48, 625 P.2d 1052, 1054 (1981) (citation omitted). An "abuse of discretion occurs if the trial

---

[6] In its Answering Brief, FHB argues that Horner's Opening Brief should be stricken for failure to comply with HRAP Rule 28 (2016). While it is true that HRAP Rule 28(b) requires that an opening brief on appeal must contain certain elements, we acknowledge that Hawai'i's appellate courts "consistently adhere[] to the policy of affording [pro se] litigants the opportunity to have their cases heard on the merits, where possible[.]" Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (citation omitted). This is traditionally true when the HRAP Rule 28(b) violations are chiefly a matter of form and the underlying legal arguments are still ascertainable, as they are in this case. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) (citations omitted). Accordingly, we address Horner's points of error on the merits.

[7] While Horner clearly raises this contention in his opening brief, Horner provides no argument in support of his contention concerning where or how the circuit court erred on this issue, he makes only a bare quotation of the statute, and he makes no allegation that this contention serves as a justification under HRCP Rule 60(b) to relieve Horner of the burden of the Order Denying Emergency Motion. Accordingly, we disregard this contention in our review. Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted))); see also Citicorp Mortg., Inc. v. Bartolome, 94 Hawaii 422, 433, 16 P.3d 827, 838 (App. 2000) (declining to address claims of unfair and deceptive banking practices in an HRCP Rule 60(b) appeal where the defendant did not make specific claims or provide evidence or explanation of the alleged violations).

court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant." State v. Jackson, 81 Hawai'i 39, 47, 912 P.2d 71, 79 (1996) (internal quotation marks and citations omitted).

Horner's chief contention on appeal is that the circuit court erred in denying his HRCP Rule 60(b) motion when it failed to find that errors in the affidavit of Gary Y. Kawamoto (Kawamoto Affidavit), which FHB submitted in support of its motion for summary judgment, raised genuine issues of material fact that should have resulted in the denial of FHB's motion for summary judgment. Specifically, Horner claims that: (1) the Kawamoto Affidavit failed to attach documents that were authenticated in the affidavit as required by Hawaii Rules of Evidence (HRE) Rule 901; (2) the Kawamoto Affidavit failed to demonstrate that the documents presented remained unaltered; (3) the Kawamoto Affidavit failed to attach documents that were authenticated in the affidavit as required by HRCP Rule 56(e); (4) the Kawamoto Affidavit was not based upon the affiant's personal knowledge; and (5) the Kawamoto Affidavit contained impermissible conclusions of law unsupported by the facts.

All of these contentions directly concern FHB's motion for summary judgment and the resulting MSJ Judgment which Horner did not appeal. In fact, Horner did not file a timely appeal from the MSJ Judgment granting foreclosure, the Sale Judgment granting an order of sale, or the deficiency judgment. Rather, after the Sale Judgment, instead of appealing the Sale Judgment, Horner filed his Emergency Motion alleging issues with the MSJ Judgment. The circuit court subsequently entered a deficiency judgment against Horner. When the circuit court later denied Horner's Emergency Motion, Horner appealed that denial in an attempt to void the earlier MSJ Judgment.

We addressed a similar procedural maneuver in Citicorp. 94 Hawai'i 422, 16 P.3d 827. In that foreclosure case, the defendants did not appeal, or did not timely appeal, from the judgment of foreclosure, the judgment confirming sale, or the deficiency judgment. Id. at 427, 16 P.3d at 832. Instead, the

defendants appealed from the trial court's denial of an HRCP Rule 60(b) motion to vacate and set aside all prior orders, decrees, judgments, and writs or for a stay pending appeal. Id. at 427-28, 16 P.3d at 833. The defendants' motion alleged numerous procedural and jurisdictional issues with the underlying judgments and orders. Id. at 428, 16 P.3d at 833. In addressing the defendants' contentions under HRCP Rule 60(b), we concluded that the allegations the defendants raised in their HRCP Rule 60(b) motion, "implicating the validity of the underlying note and mortgage, were defenses against [the plaintiff's] right to the foreclosure, to be properly brought in the trial court against [the plaintiff's] motion for summary judgment and decree of foreclosure". Id. at 433, 16 P.3d at 838. Per the Hawai'i Supreme Court in Security Pacific Mortgage Corp. v. Miller, 71 Haw. 65, 71, 783 P.2d 855, 858 (1989), these are issues that the defendants should have properly brought on direct appeal of the relevant judgments.

In Citicorp, we stated that the defendants' appeal from their HRCP Rule 60(b) motion "appears to be an untimely attempt at a second bite at the apple" because the appeal "expressly or impliedly present the same" claims previously made by the defendants. 94 Hawai'i at 433, 16 P.3d at 838. Accordingly, we held that the defendants' use of HRCP Rule 60(b) was not proper. Id. at 433-34, 16 P.3d at 838-39 (citing Stafford v. Dickison, 46 Haw. 52, 57 n.4, 374 P.2d 665, 669 n.4 (1962) ("It has been stated that a motion under [HRCP] Rule 60(b) is not a substitute for a timely appeal from the original judgment." (Citations omitted)); In re Hana Ranch Co., Ltd., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982) (noting with respect to HRCP Rule 60(b)(6), "it ordinarily is not permissible to use this motion to remedy a failure to take an appeal." (Citation omitted))).

This holding is in accord with the Hawai'i Supreme Court's holding in Security Pacific that an appellate court's "jurisdiction is limited to review of issues within the parameters of the orders from which timely appeal is taken." 71 Haw. at 71, 783 P.2d at 858 (citing Indep. Mortg. Trust v. Dolphin, Inc., 57 Haw. 554, 556, 560 P.2d 488, 489-90 (1977). In

support of its holding, the Hawai'i Supreme Court noted its previous approval of the reasoning in 9 Moore's Federal Practice ¶110.14[1] (1975):

> Decisions may be necessary . . . after the time for appeal from the final judgment has expired. The final judgment rule does not preclude review of such decisions. . . .
>
> . . . Of course, appeals from such [post-judgment orders do not permit an attack on the underlying judgment if it is then final . . . because the time for appeal has expired.

Id. (citing Indep. Mortg. Trust, 57 Haw. at 556, 560 P.2d at 490). Thus, when reviewing post-judgment orders, "appellate jurisdiction is limited to the 'errors unique to' these orders." Indep. Mortg. Trust, 57 Haw. at 556, 560 P.2d at 489-490 (citation omitted).

In this case, as in Citicorp, Horner's contentions on appeal do not allege any errors unique to the circuit court's denial of Horner's Emergency Motion. In the underlying matter, Horner filed both an opposition and a supplemental opposition to FHB's motion for summary judgment. The arguments Horner raised in his HRCP Rule 60(b) motion, and again on appeal, expressly or impliedly repeat Horner's original written oppositions to FHB's motion for summary judgment. Horner raises no contention on appeal alleging an error that the circuit court made in ruling on his HRCP Rule 60(b) motion. Accordingly, the issues Horner raised on appeal concerning the Kawamoto Affidavit appear to be an untimely attempt to challenge the MSJ Judgment. Insofar as Horner's substantive contentions are all repeated issues that Horner should have properly brought on direct appeal of the MSJ Judgment, this appeal of a post-judgment order does not permit an attack on the underlying MSJ Judgment because the MSJ Judgment is now final and the time for such appeal has expired. Thus, the circuit court did not err in denying Horner's Emergency Motion.

Based on the foregoing, the "Order Denying Defendant Mel Daniel Horner's Verified Emergency Motion for Void Judgment Due to the Affidavit of Gary Y. Kawamoto Filed July 18, 2016," filed on November 22, 2016 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, June 28, 2019.

On the briefs:

Mel Daniel Horner,
Defendant-Appellant.

Jonathan W.Y. Lai,
and David Y. Nakashima,
(Watanabe Ing LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge